# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| **HARVEY ELLIS STEWART III,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION FILE NO.** |
| | ) | _____ |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| **CITY OF GREENSBORO, GEORGIA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff HARVEY ELLIS STEWART III ("Plaintiff" or "Stewart"), by and through the undersigned counsel of record, hereby files this Complaint for Damages against Defendant CITY OF GREENSBORO, GEORGIA (the "City" or "Defendant"), respectfully showing the Court as follows:

### JURISDICTION AND VENUE

1.

This is an action pursuant to: (1) the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") for unpaid overtime wages and retaliation; and (2) state law claims of breach of contract; negligent hiring, retention, and supervision; as well as intentional infliction of emotional distress.

2.

This Court has Original Jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3.

This Court has Supplemental Jurisdiction over pendant state law claims under 28 U.S.C. § 1367 because said claims arise from the same nucleus of operative facts as the federal claims which form the basis of the Complaint.

4.

Venue is proper in the Middle District of Georgia, Athens Division, pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this district and division and all of the acts and omissions giving rise to this action occurred in this district and division.

**PARTIES**

5.

Plaintiff is a citizen of the United States and is entitled to bring actions of this nature and type. Plaintiff is a resident of the Middle District of Georgia, Baldwin County, and is subject to this Court's jurisdiction.

6.

At all times relevant to this action, Plaintiff was employed by Defendant City within the meaning of 29 U.S.C. § 203(e). Plaintiff performed non-exempt work for

Defendant City within the last three (3) years and regularly worked in excess of forty (40) hours, or in the alternative forty-three (43) hours, in a given work-week.

7.

Defendant City is a municipal corporation organized under the laws of the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. Located in Greene County, Defendant City may be served by delivering process to Mayor Glenn Wright at City Hall, 212 N. Main Street, Greensboro, GA 30642.

8.

At all times relevant to this action, Defendant was an employer of Plaintiff within the meaning of 29 U.S.C. § 203(d).

9.

At all times relevant to this action, Defendant was, and continues to be, a public agency under 29 U.S.C. § 203(x) and an enterprise covered by the FLSA under 29 U.S.C. § 203(r) and (s).

## STATEMENT OF FACTS

10.

Plaintiff was employed by the City of Greensboro as Corporal and later as Lieutenant of the Greensboro Police Department from June 2011 until he was forced

to resign in September 2017.[1]

11.

Although Plaintiff's title was Lieutenant, Plaintiff was compensated on an hourly basis: from 2015 to 2016, Plaintiff was paid $20.46 per hour and in 2017, Plaintiff was paid $21.54 per hour.

12.

Furthermore, Plaintiff did not have independent discretion and/or decision-making authority. All of Plaintiff's actions and job duties, which mainly consisted of patrolling the city, were undertaken at the explicit direction of Chief Ossie Mapp ("Chief Mapp") who was, at the time, the highest-level policy maker and decision-maker of the Greensboro Police Department.

13.

During Plaintiff's employment for the City, Plaintiff was required to work twelve (12)-hour shifts from 6:00 a.m. to 6:00 p.m., alternating between a five-day work week (working 60 hours per week) and a two-day work week (working 24 hours per week).

---

[1] Plaintiff became Lieutenant sometime in 2013 and remained in that position until September 2017.

14.

Consequently, Plaintiff was scheduled to work approximately one-hundred-sixty-eight (168) hours per month.

15.

During Plaintiff's employment for the City, Plaintiff actually worked, on average, one-hundred eighty-two (182) hours per month.

16.

However, Plaintiff was never compensated for the actual hours worked by him.

17.

Instead, regardless of the number of hours worked by Plaintiff in a given month, Plaintiff was compensated for hours only up to one-hundred-seventy-one (171) per month at the regular hourly rate.

18.

Furthermore, at the end of each week, Chief Mapp, in the presence of other Greensboro Police Department employees, revised and 'whited-out' employee weekly timesheets, including Plaintiff's, thereby reducing the number of hours reported by Plaintiff.

19.

Throughout Plaintiff's employment with the City, Plaintiff, on numerous occasions, notified City employees about his improper pay. Such employees include, but is not limited to: Chief Mapp; Tommy Nelson; Plaintiff's direct supervisor, Rodricus Monford, Sr.; and the City Manager, Larry R. Postell ("Postell").

20.

Nonetheless, the City did nothing to address Plaintiff's concern. Rather, Chief Mapp chastised Plaintiff and threatened to terminate Plaintiff's employment for voicing his concerns.

21.

In fact, Chief Mapp attempted to arbitrarily terminate Plaintiff's employment on a baseless and unfounded reason on or about September 11, 2017.[2]

22.

Plaintiff immediately notified Postell of Chief Mapp's conduct. In response, rather than investigating the matter, Postell informed Plaintiff that if Plaintiff chose to resign, Plaintiff would leave in good standing with two (2) weeks of pay.

---

[2] On September 11, 2017, Chief Mapp unexpectedly called Plaintiff (Caucasian), Tommy Nelson (African-American), and another police officer (African-American) into his office. Thereafter, Chief Mapp (African-American) stated, "I guess you guys are all wondering why you are here. Let's start with [Plaintiff], you're fired for being a racist. Turn in your gun and badge." When Plaintiff requested Chief Mapp for an explanation as to why he thought Plaintiff was "being a racist," Chief Mapp refused to provide an explanation and instead reached out for his gun, demanding Plaintiff to turn over his gun and badge.

23.

Since Plaintiff had no choice but to resign and in reliance of the terms, Postell drafted an agreement documenting the terms and both parties signed the agreement on or about September 11, 2017.

24.

However, in addition to the overtime compensation that Plaintiff is entitled, Plaintiff to this day never received two (2) weeks of his pay as agreed upon, and documented by Postell. Furthermore, Plaintiff's record with the State of Georgia Peace Officer Standards and Training Counsel ("POST") indicates that Plaintiff voluntarily resigned from the Greensboro Police Department "in lieu of termination."

25.

Although Plaintiff reached out to Postell on numerous occasions following his resignation regarding Postell's failure to uphold the terms of the agreement, it was of no avail.

26.

Consequently, Plaintiff's POST records adversely affected, and continues to affect, Plaintiff's employment as a police officer.

**CLAIMS FOR RELIEF**

**COUNT I**
**UNPAID OVERTIME IN VIOLATION OF THE FLSA**

27.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

28.

During the relevant time period, Plaintiff was an employee of Defendant City within the meaning of 29 U.S.C. § 203(e)(1).

29.

During the relevant time period, Plaintiff regularly worked more than forty (40) hours, or in the alternative forty-three (43) hours, per workweek. Therefore, Plaintiff was entitled to be paid one-and-one-half times his regular rate for each hour worked in excess of forty (40) hours, or in the alternative forty-three (43) hours, per workweek.

30.

However, Plaintiff was either paid at his regular hourly rate or nothing for those hours in excess of forty (40), or in the alternative forty-three (43) hours, in a given week.

31.

Defendant City's actions, policies, and/or practices described herein therefore violate the FLSA, 29 U.S.C. § 207, by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate. Furthermore, Defendant City has deliberately

failed to accurately report, record, and/or preserve records of hours worked by Plaintiff in violation of the FLSA.

32.

Under any interpretation of the terms, Defendant City's conduct in violation of the FLSA was both willful and in bad faith.

33.

As a result of Defendant City's intentional, willful, and unlawful acts in refusing to pay Plaintiff complete overtime compensation for the overtime hours he worked, Plaintiff suffered damages in addition to incurring attorneys' fees and costs.

34.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff therefore seeks to recover unpaid overtime wages, liquidated damages in an amount equal thereto, reasonable attorneys' fees, and the costs of this litigation.

## COUNT II
## RETALIATION IN VIOLATION OF THE FLSA

35.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

36.

Because Plaintiff consistently raised concerns about his improper overtime pay, Defendant was, or should have been, put on notice that Plaintiff was asserting

his right to file and/or assert a complaint under the FLSA.

37.

In taking these complaints to numerous employees of Defendant, Plaintiff engaged in an activity protected under 29. U.S.C. § 215(a)(3).

38.

The fact that Chief Mapp terminated Plaintiff's employment based on an unfounded and baseless reason of allegedly "being a racist" was a mere set-up, which meant to disguise the fact that Plaintiff was unlawfully fired for asserting his rights under the FLSA.

39.

Due to Defendant's violation of the FLSA, Plaintiff suffered economic and reputational damages, as well as incurring the costs of litigation associated with this matter for which he is entitled to recover as provided by law.

## COUNT III
## BREACH OF CONTRACT

40.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

41.

Plaintiff and Defendant City, through City's employee and agent Postell, entered into an agreement, which was documented by Postell, whereby Defendant

City would pay Plaintiff for two (2) weeks of his regular wage and issue a record of good standing in exchange of Plaintiff's resignation.

42.

Plaintiff, having no other choice and in reliance of the agreement, resigned but never received the payment nor a record of good standing from Defendant City.

43.

Consequently, Defendant City breached the agreement with Plaintiff and failed to cure the breach despite Plaintiff's efforts of reaching out to Postell.

44.

As a direct and proximate result of Defendant City's willful and unlawful conduct, Plaintiff has and will continue to suffer damages for which he is entitled to recover as provided by law.

## COUNT IV
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION

45.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

46.

Defendant City knew, or in the exercise of ordinary diligence, should have known of the propensity of its employee and agent, Chief Mapp, to engage in unlawful conduct in violation of the FLSA, especially given that Plaintiff had, on

numerous occasions, notified Defendant City of Chief Mapp's conduct.

47.

Defendant City owed a duty to Plaintiff to hire, retain, and supervise an employee who would lawfully conduct himself and not engage in unlawful conduct.

48.

Defendant City breached the aforementioned duty by negligently retaining and supervising Chief Mapp as executive head of the Greensboro Police Department. In addition, Defendant City ratified, condoned, and/or adopted Chief Mapp's conduct by inaction.

49.

Defendant City's negligent supervision and continued retention of Chief Mapp even after Plaintiff's forced resignation proximately caused Plaintiff's damages for which he is entitled to recover as provided by law.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

51.

Defendant's conduct towards Plaintiff mentioned herein was intentional and/or reckless, extreme and outrageous, and caused Plaintiff severe shame,

humiliation, embarrassment and emotional distress of a nature that no reasonable person can endure.

52.

Defendant knew or should have known that such conduct would result in severe emotional distress to Plaintiff.

53.

As a result of Defendant's conduct, Plaintiff has and will continue to suffer damages for which he is entitled to recover as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1) Grant Plaintiff a trial by jury as to all triable issues of act;

(2) Grant declaratory judgment that Plaintiff's right under the FLSA was violated;

(3) Grant an injunction prohibiting the Defendant from engaging in such unlawful conduct in the future;

(4) Award compensatory damages in an amount to be determined by a jury;

(5) Award appropriate back overtime pay, reimbursement for lost salary, unpaid wages, and compensate for other damages in amounts to be shown at trial;

(6)   Award prejudgment interest on any award of back pay made by the jury as required by law;

(7)   Award liquidated damages equal to any back pay for Defendant's willful violation of the FLSA;

(8)   Award punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

(9)   Award Plaintiff's attorneys' fees, costs, and disbursements; and

(10)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 17th day of September, 2018.

By:   **/s/ Regina S. Molden**
Regina S. Molden
Georgia Bar No. 515454
Hee Won Choi
Georgia Bar No. 364457
MOLDEN & ASSOCIATES
Peachtree Center – Harris Tower
233 Peachtree St, NE, Suite 1245
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
rmolden@moldenlaw.com
lchoi@moldenlaw.com

*Counsel for Plaintiff*